IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT ARROYO,                         )
                                       )
           Plaintiff,                  )
                                       )
      v.                               )    No. 10 C 1459
                                       )
BEHR PROCESS CORPORATION,              )
et al.,                                )
                                       )
           Defendants.                 )

## MEMORANDUM ORDER

Behr Process Corporation ("Behr") and Masco Corporation ("Masco") have filed a Notice of Removal ("Notice"), seeking to remove this action brought against them by Robert Arroyo ("Arroyo") from its place of origin in the Circuit Court of Cook County to this federal district court. Notice ¶2 attempts to invoke federal jurisdiction in diversity of citizenship terms, for which purpose Notice ¶3 identifies the litigants' diverse citizenship and Notice ¶4 speaks to the requisite amount in controversy. But this memorandum order is issued sua sponte to address a fundamental flaw in the attempted removal that is apparent from the exhibits to the Notice, but that goes totally unmentioned in the Notice itself.

Notice Ex. A is a photocopy of Arroyo's Complaint that, though itself undated, includes an affidavit by Arroyo's counsel dated December 2, 2009. More importantly, Notice Ex. B is a photocopy of a January 22, 2010 letter from Arroyo's counsel to a member of the law firm representing Behr and Masco that contains

a $275,000 settlement demand (clearly confirming the over-$75,000 amount in controversy required under 28 U.S.C. §1332[1]--and also significantly, Notice Ex. C includes a photocopy of a December 29, 2009 Appearance and Jury Demand filed in the Circuit Court by that counsel.

Little wonder, then, that any reference to the <u>timeliness</u> of the attempted removal is conspicuously absent from the Notice. Under Section 1446(b) Behr and Masco had a 30-day time frame within which the Notice had to be filed. If the Complaint itself had sufficed to establish removability, that 30-day clock began to tick once Behr and Masco received a copy of the Complaint (so that the required filing date could not have been later than January 28, 2010, given the December 29, 2009 Circuit Court filing of counsel's appearance on their behalf). Alternatively the same Section 1446(b) prescribes a removal deadline date that could not be later than February 24, 2010 or thereabouts (on the conservative premise that the January 22 letter from Arroyo's counsel had been the first information that made the action removable because the required amount in controversy was then made clear).

Hence the March 4 Notice was untimely in all events. This action is accordingly set for an initial status hearing at

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

9:15 a.m. March 18, 2010, so that this Court can ascertain whether Arroyo's counsel wishes to waive the issue of the obvious untimeliness (which is not a matter of subject matter jurisdiction) or whether this Court should instead remand the action to the Circuit Court of Cook County forthwith.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: March 8, 2010